IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER D. BELLESFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 10-1312 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 14th day of March, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff argues, inter alia, that the testimony of the vocational expert ("VE") was not consistent with the Dictionary of Occupational Titles ("DOT") and, therefore, did not constitute substantial evidence upon which the Administrative Law Judge ("ALJ") could rely. However, neither the facts of the case nor the applicable law support this position.

Contrary to Plaintiff's contentions, three of the four occupations set forth by the VE in response to the ALJ's hypothetical question - office helper, unskilled packer (such as a hand packer), and cleaner/housekeeper -- have a reasoning level of 2 or less pursuant to the DOT. The Third Circuit Court of Appeals has held that a limitation to simple, routine, repetitive tasks would not preclude work requiring a reasoning level of 2. See Money v. Barnhart, 91 Fed. Appx. 210 (3d Cir. 2004). See also Myers v. Astrue, 2011 WL 2580455, at *11 (W.D. Pa. June 28, 2011). The limitations in the residual functional capacity determined by the ALJ here are substantially similar to those in Money and Myers.

The only job cited by the VE with a reasoning level over 2 is information clerk. However, even factoring out this position, which incidentally had the fewest positions available of the four, there are still a significant number of jobs in the national economy that Plaintiff can perform. The Court notes that, Social Security Ruling 00-04p notwithstanding, an unexplained conflict between a VE's testimony and the DOT does not require remand if substantial evidence supports the ALJ's findings. See Rutherford v. Barnhart, 399 F.3d 546, 557 (3d Cir. 2005); Boone v. Barnhart, 353 F.3d 203, 209 (3d Cir. 2003). Moreover, minor unexplained inconsistencies do not necessarily warrant a remand. See Rutherford, 399 F.3d at 558. Whatever inconsistency exists in regard to the information clerk position is irrelevant and minor since substantial evidence would still support the ALJ's findings even if that evidence were to be excluded.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record